FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 DEC -5 PM 1:20

CLERK _____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

THOMAS SHARON,           :
                         :
           Petitioner,   :
                         :
      v.                 :           CIVIL ACTION NO.: CV211-117
                         :
RON CORBETT, Under Sheriff, :
and ATTORNEY GENERAL OF  :
STATE OF GEORGIA,        :
                         :
           Respondents.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Thomas Sharon ("Sharon"), an inmate currently incarcerated at the Glynn County Detention Center in Brunswick, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his two property damage convictions obtained in Glynn County Superior Court. Respondent filed a Motion to Dismiss, and Sharon filed a Reply. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

In April 2009, Sharon pled guilty to possession of tools during the commission of a crime and criminal damage to property in the second degree. (Doc. No. 14, p. 2). Sharon was sentenced to five years on probation for each charge. (Id.). In November 2009, Sharon pled guilty to criminal damage to property in the second degree, theft by

taking, and possession of tools during the commission of a crime. (Id.). Sharon was sentenced to five years on probation for two of the charges and 12 months on probation to be served in a Probation Detention Center for the remaining charge. (Doc. No. 14, pp. 2–3). Sharon was arrested in May 2011 for probation violations under both cases, and he is currently an inmate at the Glynn County Detention Center. (Doc. No. 14, p. 3).

In the instant petition, Sharon attacks both of his property damage convictions. Sharon asserts that the convictions were obtained via coerced confession, that he was denied effective assistance of counsel, and that the evidence was insufficient to support his convictions. (Doc. No. 1, p. 3). Respondent contends that Sharon's petition should be dismissed because Sharon has failed to exhaust his state court remedies.

## DISCUSSION AND CITATION OF AUTHORITY

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); See also 28 U.S.C. § 2254(b)(1). Sharon did not appeal from the judgments of his convictions, nor did he file any petitions, applications, or motions in state court with respect to the judgments. (Doc. No. 1, p. 2). Sharon states that, "[he has] assumed exhaustion of any remedies at the state level in that the law books [he has] access to [ ] claim a 30-day window to present any appeals after sentence dates. That window had certainly passed." (Doc. No. 19, p. 4). Exhaustion of state court remedies means that "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Sharon did not pursue a direct appeal or file any actions in state court

AO 72A
(Rev. 8/82)

with respect to his two property damage convictions, Sharon has not given the Georgia courts an opportunity to act on his claims presented in this § 2254 petition. As a result, this Court is barred from reviewing the merits of those claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Sharon's petition be **DISMISSED**, without prejudice, due to his failure to exhaust his state court remedies.

**SO REPORTED** and **RECOMMENDED**, this _____5th_____ day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)